## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BENJAMIN ANTHONY JOHNSON,** | ) | |
| **# 32451-044,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-1107-NJR** |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Benjamin Anthony Johnson pleaded guilty to conspiring to distribute cocaine and launder money in the United States District Court for the Eastern District of Michigan. He was sentenced to 150 months' imprisonment and is currently incarcerated at the United States Penitentiary in Marion, Illinois. Plaintiff brings this *pro se* action for alleged violations of his constitutional rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671. The case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

**Background**

A brief review of Plaintiff's conviction, appeals, and collateral attacks is necessary to place his claims in context.[1] In 2005, Plaintiff was indicted by a federal grand jury for conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846; for possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1); and for conspiracy to launder monetary instruments in violation of 19 U.S.C. §§ 1956(a)(1) and 1956(h). In 2007, Plaintiff pleaded guilty to conspiracy to distribute five or more kilograms of cocaine and to conspiracy to launder monetary interests. By way of a separate cooperation agreement, the United States agreed to move for a reduction in sentence under § 5K1.1 of the United States Sentencing Guidelines or Federal Rule of Criminal Procedure 35, but only if the United States determined that Plaintiff indeed provided substantial assistance.

In preparation for sentencing, the United States Probation Office prepared a presentence investigation report. That report concluded that Plaintiff's offense level was 38, a level two points higher than the offense level computed by the plea agreement, because Plaintiff proved ineligible for the two-point safety valve reduction of Section 2D1.1(b)(9) of the Sentencing Guidelines. Plaintiff was not eligible for a reduction, according to the Probation Office, because he was a manager or leader of others involved in the offense and because he had more than one criminal history point. Plaintiff's advisory guidelines range, based on an offense level of 38 and a criminal history category of II, was 262 to 327 months of imprisonment.

After the presentence report was submitted, the district judge held a sentencing hearing on May 12, 2008. At that hearing, Plaintiff's lawyer argued Plaintiff should get credit for the time he served in a state prison during the pendency of his federal case. The district judge

---

[1] Plaintiff recently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Johnson v. Powers*, Case No. 3:16-cv-1028-DRH (filed September 13, 2016). That petition was dismissed with prejudice on December 9, 2016. *Id.* at Doc. 5. Portions of this history are taken from that order of dismissal.

initially denied the request but later decided that Plaintiff's lawyer should be given an opportunity to brief the matter, so he deferred the sentencing hearing and heard arguments from both sides. A second sentencing hearing was held on November 17, 2008. At that hearing, the parties and the district judge agreed that the appropriate guideline range was set forth in the Probation Office's presentence report, and that Plaintiff should receive some credit for the time he spent in state prison while awaiting federal sentencing. The district judge sentenced Plaintiff to a 150 month term of imprisonment. At the end of the hearing, Plaintiff himself asked that his plea agreement be set aside and that he be allowed to proceed to trial, but the district judge denied Plaintiff's request and held fast to the sentence.

Plaintiff appealed his conviction and his sentence, but the Sixth Circuit rejected that challenge and affirmed his conviction on April 6, 2010. Plaintiff has also filed two habeas petitions in this Court pursuant to 28 U.S.C. § 2241. The first petition was filed on March 4, 2016. *See Johnson v. M. Baird*, Case No. 3:16-cv-00235-CJP. In that action, Plaintiff claims the Bureau of Prisons did not properly calculate his past incarceration credit and thus he is being held improperly in federal prison. The second petition was filed on September 13, 2016. *See Johnson v. Powers*, Case No. 3:16-cv-1028-DRH. In that action, Plaintiff asserted arguments substantially identical to those presented in this case; he challenged his conviction and the length of his sentence. The second petition was dismissed with prejudice on December 9, 2016. *Id.* at Doc. 5.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: (1) the United States breached Section 1B1.8 of the United States Sentencing Guidelines when it used some of the information Plaintiff provided to the Government to calculate Plaintiff's relevant drug

quantity for sentencing purposes (Doc. 1, pp. 1-2); (2) there were errors in the relevant drug

quantity calculation and criminal history calculation in the Probation Office's presentence

investigation report (Doc. 1, pp. 2-4); (3) the Michigan sentencing judge erred in applying a

managerial role enhancement to Plaintiff's sentence (Doc. 1, p. 3); and (4) Plaintiff's plea

agreement is invalid. (Doc. 1, p. 7). Plaintiff contends these arguments demonstrate that his

conviction and sentence are unconstitutional. (Doc. 1, pp. 2-6). Plaintiff seeks monetary relief for

each year of wrongful imprisonment and depression stemming from the same. (Doc. 1, p. 7).

## Discussion

This civil rights action challenges the constitutionality of Plaintiff's conviction and

sentence. This type of action is barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under the *Heck* doctrine, a prisoner may not obtain damages in a civil rights action for his

unlawful imprisonment, unless he first succeeds in invalidating the sentence or conviction. While

*Heck* involved a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983, the

Seventh Circuit has held that the *Heck* doctrine applies equally to a *Bivens* claim such as this. *See*

*Case v. Milewski*, 327 F.3d 564, 569 (7th Cir. 2003); *Clemente v. Allen*, 120 F.3d 703, 705 (7th

Cir. 1997).

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence has
> already been invalidated. But if the district court determines that the plaintiff's
> action, even if successful, will *not* demonstrate the invalidity of any outstanding

4

criminal judgment against the plaintiff, the action should be allowed to proceed,
in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under Section 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Plaintiff's action clearly calls into question the validity of his conviction and sentence. Because Plaintiff has not succeeded in invalidating his conviction or sentence, his claims are barred by *Heck* and must be dismissed without prejudice.[2]

### Disposition

**IT IS ORDERED** that this action is **DISMISSED without prejudice** in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994).

**IT IS SO ORDERED**.

**DATED:  December 16, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] *Heck*-barred claims should be dismissed without prejudice, so that the plaintiff may later revive it in the event he succeeds in invalidating the conviction. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (discussed in *Gordon v. Miller*, 2013 WL 4573682 (7th Cir. Aug. 29, 2013)).